**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
FREDDY SANCHEZ, JR.

                                     **AMENDED**
                                      **COMPLAINT FOR**
                    Plaintiff,         **EMPLOYMENT**
                                        **DISCRIMINATION**
                                        13-CV-

        -against-

                                        Jury Trial: x Yes ☐ No


       RESTORATION SPECIALTY SERVICES, LLC

                  Defendants.
-------------------------------------------------------x

This action is brought for discrimination in employment pursuant to:

Title VIII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§2000e to 2000e-17 (race, color, gender, religion, national origin).

New York State Human Rights Law, N.Y. Exec. Law §§290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status).

New York City Human Rights Law, N.Y. City Admin. Code §§8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership, status, sexual orientation, alienage, citizenship status).

I.       **Parties in this Complaint:**

    Plaintiff: Freddy Sanchez, 150 Pennsylvania Avenue, Brooklyn, NY 11207

    Defendant: Restoration Specialty Services, LLC, 1501 Broadway, Ste. 2400, New York, NY 10036
    John V. Palomba, c/o Restoration Specialty Services, LLC, 1501 Broadway, Ste. 707, NY, NY 10036.

    The address at which Plaintiff sought employment with the defendant is: NuLife Services, LLC, 1501 Broadway, Ste. 2400, New York, NY 10036. NuLife later became Restoration Specialty Services, LLC in 2007.

## AS FOR A FIRST CAUSE OF ACTION
## NATIONAL ORIGIN ABD RACE DISCRIMINATION

3.   That Plaintiff began working for Restoration Specialty Services, LLC when it was operating as NULife in November of 1999 as a polisher.

4.   That from the period of about May 10th, 2008, through July 2nd 2012,(hereinafter at all times relevant") Defendant, Restoration Specialty Services, LLC through its agents, Executive Vice President, John V. Palomba, Pllumb Leka and Anthony Ferrara, White males, repeatedly subjected the Plaintiff, a Latino as well as other Latinos, to discrimination based on his race and national origin in that Anthony Ferrera, an employee of the Defendant and supervisor of the Plaintiff, consistently denied Latino employees, the right to employment opportunities by consistently informing them that if they wanted the same privileges as their White counter-parts they should learn English or go back to their countries; laid the Plaintiff off on the pretext of financial constraints on July 2nd, 2012. Defendants earlier discharged three other Latino males, one who was the Plaintiff's biological father, and then hired two White males within thirty days thereafter. Moreover, the Defendants consistently had Latino polishers perform the work of mechanics while paying them the salary of polishers causing the Plaintiff to worry about the stability of his employ with Defendant, Restoration Specialty Services.

5.   That Plaintiff was also denied reinstatement to his position as a mechanic without just cause. Moreover, Defendants only notified the Plaintiff of his discharge via a text message and advised that there was no work available for him even though the Plaintiff had left work due to a medical condition and had advised Defendants of this

condition. Although a White employee named Pllumb Leka initially began working for the Defendant, Restoration Specialty Services, LLC off the books he was promoted to the position of mechanic without any training or experience while the Plaintiff was only promoted to the position of mechanic after he was observed performing mechanic work by union representative, Jack Cusumano, of local number 7 and the Plaintiff and another Latino employee informed Jack Cusumano that the Plaintiff was not a mechanic and that both the Plaintiff and another employee had done mechanic work from time to time for a few years at the following sites: 60 W. 76 Street, NY, NY; 322 W. 26th Street, NY, NY; 25 Central Park W. NY, NY; 630 9th Avenue, NY, NY; 866 Third Avenue, NY, NY; 115 Central Park W. NY, NY; 40 Worth Street NY, NY; 20 W. 72nd Street NY, NY; 131 W. 31st Street NY, NY; 23 E. 63rd Street NY, NY; 520 8th Ave. NY, NY; 1501 Broadway, NY, NY; The Empire State Bldg. NY, NY; 570 Lexington Ave. NY, NY; 1120 7th Ave. NY, NY; Horizon Towers 1-5, Ft. Lee, NJ the Plaintiff was not promoted to the position of mechanic. Please note that 90% of the resident's/occupants at these sites are White like Pllumb Leka. The Defendant, Restoration Specialty Services, LLC was then advised that this was in violation of the union contract as only mechanics should perform mechanics' work. Furthermore, Plaintiff was not paid for this extra work and his job description did not require that he perform the work of a mechanic. Plaintiff often brought this matter to the attention of Defendant, Restoration Specialty Services, LLC prior to his being observed by his union observing him doing mechanic work, but to no avail.

6. That Defendants have denied employment to Latino employees since 2008; the majority of employees hired by the Defendant, Restoration Specialty Services, LLC since 2008, were White and seven Latinos were discharged since 2008, when John V. Palomba

became Vice-President. Moreover, the Defendants failed to submit payroll records for at least two White employees in an effort to make it appear as though there have been an equal amount of Latinos hired by the Defendant as Whites since 2008.

7. That the Plaintiff did apprise the Defendant through his union upon his discharge that he was being subjected to national origin and race discrimination, retaliation and as well as a hostile work environment through his union representative, Jack Cusumano, however, Plaintiff was not reinstated and no hearing was held regarding his grievance or the fact that he failed to receive written notice of his discharge. After waiting several months to get reinstated to his position by the Defendants, Plaintiff filed a complaint of discrimination with EEOC in September of 2012, and received the right to sue on October 30th, 2012.

8. That Plaintiff was discharged under the pretext of financial constraints and discharged without good cause as the actual reason for the discharge of the Plaintiff was due to his race and national origin.

9. That by reason of the foregoing and the negligence of the Defendants and wanton behaviour of Anthony Ferrara, John V. Palomba, Plaintiff did suffer and will likely continue to suffer severe economic and serious emotional damages.

10. That Plaintiff requested reinstatement to his position of mechanic after his discharge through his union in July of 2012, to the Defendants, however, these requests were ignored and in effect denied on every occasion without good cause and due to national origin and race discrimination. Although Plaintiff has sought permanent work in construction and other fields, he has been unable to obtain permanent work.

11. That the Defendant denied the Plaintiff his legal vacation and sick pay without just cause upon the Plaintiff's discharge and denied the Plaintiff a right to a hearing regarding his discharge without just cause.

12. That the Plaintiff resides in the City of Brooklyn and State of New York.

13. That at all times relevant, the Defendant, Restoration Specialty Services, LLC was a business duly licensed to do operate in the City and State of New York.

14. That at all times relevant, Anthony Ferrara was employed as a supervisor by the Defendant.

15. That at all times relevant, Pllumb Leka was employed as a polisher for the Defendant.

16. That at all times relevant, the Plaintiff was employed as a mechanic in the marble division for the Defendant, Restoration Specialty Services, LLC.

17. That from 2008, through the present, John V. Palomba was employed as the executive vice-president of the Defendant, Restoration Specialty Sercives, LLC.

18. That throughout his employ as supervisor, Anthony Ferrara, informed many Latino employees, including the Plaintiff, that they were incompetent and should go back to their own countries; that they would never be entitled to the same privileges as their White co-workers; and that they were spics.

19. That had the Defendant, Restoration Specialty Services, LLC rectified and not acquiesced the actions of Pllumb Leka, Anthony Ferrara and John V. Palomba, as the supervisor of the Plaintiff and vice president of the company, the Plaintiff and other Latino employees would have been entitled to all of the privileges of the White employees; and he would not have been discharged.

20. That at all times relevant the Defendant, John V. Palomba and Anthony Ferrara, constantly limited the Plaintiff's employment opportunities in that they denied him the opportunity to become a supervisor even though he had over ten years of experience; was constantly advised that he could not become a supervisor even though the Plaintiff possessed the necessary credentials and experience with the Defendant, Restoration Specialty Services, LLC and the Plaintiff was employed by the Defendant for thirteen years.

21. That the Plaintiff attempted to file a complaint with the Defendant's Human Resources Department through his union with regard to the discrimination he was being subjected to on a continuous basis, however, the discrimination continued and the Plaintiff was ultimately discharged without just cause.

22. That John V. Palomba and Anthony Ferrara also consistently denied other Latin American employees, like, Hernan Capdesuner, Freddy Sanchez, Sr. and Julio Toledo, the privileges that their White counter-parts received such as the proper pay for their work and often accused them of failing to perform their duties without good cause and without any proof. Moreover, Defendants discharged Plaintiff and three other Latinos prior to discharging the Plaintiff without good cause and under the pretext of financial constraints causing the Plaintiff to feel uncomfortable and concerned about his security with the Defendant, Restoration Specialty Services, LLC.

23. That Plaintiff vehemently fought his discharged by filing a complaint with his union and writing a demand letter to the Defendants to no avail.

24. That as a result of the Defendant John V. Palomba and Pllumb Leka and Anthony Ferrara's continuous discrimination regarding the Plaintiff's national origin and race the

Plaintiff found it difficult to focus and became discouraged and anxious about coming to work and interacting with Anthony Ferrara and Pllumb Leka. Moreover, the Plaintiff felt as though he had no recourse with regard to the discrimination he was facing as the Defendant, Restoration Specialty Services, LLC failed to protect him.

25.  That as a result of constantly being subjected to national origin and race discrimination as well as a hostile work environment, the Plaintiff began to feel anxious about coming to work and insecure about his future with the Defendant, Restoration Specialty Services, LLC.

26.  That the Defendant, Restoration Specialty Services, LLC through its agents, John V. Palomba and Anthony Ferrara, discharged the Plaintiff without just cause and without prior written notice or a hearing. Moreover, the Defendant claimed that the Plaintiff was let go due to financial constraints even though Pllumb Leka, a White male who was hired after the Plaintiff was not discharged. Furthermore, Defendants, to date, have not provided the Plaintiff with written notice of his discharge as required by contract. Plaintiff was also denied rehire as a mechanic.

27.  That Anthony Ferrara repeatedly advised the Plaintiff that the standards were different for White employees than non-White employees who were not of European descent.

28.  That Plaintiff's improper discharge resulted in his experiencing serious economic loss and emotional distress and may be permanent in nature.

29.  That by the reason of the foregoing and the negligence of the Defendant, Restoration Specialty Services, LLC with regard to the hiring and retention of John V.

Palomba, Pllumb Leka and Anthony Ferrara, the Plaintiff did suffer and will more likely continue to suffer serious economic and emotional harm.

## AS FOR THE SECOND CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT

30. Plaintiff repeats and realleges all of the allegations set forth in paragraphs one through twenty-nine and realleges every allegation as though more fully set forth herein.

31. That from March 2008, through July 2012, the Plaintiff was consistently subjected to a hostile work environment in violation of 42 U.S.C. §§2000e to 2000e-17; NYC Administrative Code §§8-101(1), 107 New York State Human Rights Law, N.Y. Exec. Law §§290 to; 297 by Defendant, Restoration Specialty Services, LLC's agents, John V. Palumba, Pllumb Leka and Anthony Ferrara, while lawfully present and performing work relative to his employment as a polisher and within the scope of his employment for Defendant in that the Plaintiff, was consistently subjected to disparate treatment by Anthony Ferrara in that the Plaintiff and several of his fellow Latino co-workers were constantly told that they was inferior to people born in America or Europe; constantly told to learn to "f….cking speak English"; constantly told that the f…cking spics should stop complaining; constantly told that Plaintiff and other Latinos would receive the same benefits and privileges as the White employees only after they learned to speak and understand English; constantly told that the Plaintiff and other Latinos should go back to their own countries if they wanted to be treated like the White employees; constantly denied the right to pay commensurate with his work as a mechanic even though White employees like Pllumb Leka was hired several years after the Plaintiff; constantly denied employment opportunities because the Plaintiff was not born in America; constantly

called a spic by Pllumba Leka and Anthony Ferrara. Defendants also consistently paid Plaintiff less than his White counter-part mechanics based on race and national origin discrimination; paid White employees while they were on unemployment while discharging the Plaintiff under the pretext of financial constraints.

32. That at all times relevant, it was the duty of the Defendant, Restoration Specialty Services, LLC to initiate and enforce rules, and training that prohibit inappropriate activities and behaviours by its servants, agents, employees and/or personnel of a business engaged in interstate commerce and patronizing the public in the course and within the scope of employment for said Defendant that would protect the Plaintiff from being subjected to race and national origin discrimination; a hostile work environment and retaliation in his work place.

33. That at all times relevant, it was the duty of the Defendant, Restoration Specialty Services, LLC to select and screen for hiring and for retention as employees of a business engaged in interstate commerce and patronizing the public, those who are fit, suitable, properly trained and instructed, and do not constitute a potential menace, hazard or danger to the public or fellow employees and those with unsuitable propensities as well as those with emotional, physical, psychological and/or psychological traits or characteristics or unsuitable or contradicted for such employment in an effort to protect the Plaintiff from being subjected to national origin and race discrimination, harassment; a hostile work environment and retaliation at his place of employment.

34. That by reason of the negligence of the said Defendant in the improper hiring, improper monitoring, improper supervision, and improper retention of John V. Palumba and Pllumb Leka Anthony Ferrara and with the knowledge of their being unsuitable,

incompetent and unfit to act and serve and unfit to continue to act and serve as employees the Plaintiff was caused to suffer serious physical and emotional injuries and severe economic damages, without fault or want of care on the part of the Plaintiff in any way contributing thereto, thereby causing him serious emotional illness and distress at his place of work and as a result of his discharge as well as severe economic damages that may be permanent in nature and duration.

35. That by reason of the foregoing and the negligence of the Defendant, Restoration Specialty Services, LLC its agents and employees, Plaintiff sustained damages in the amount in excess of the monetary jurisdictional limits of any administrative court which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

36. That by reason of the negligence of the said Defendant in the improper hiring, improper monitoring, improper supervision, and retention of John V. Palumba, Pllumb Leka and Anthony Ferrara with the knowledge of their being unsuitable, incompetent and unfit to act and serve and unfit to continue to act and serve as employees of a business engaged in interstate commerce and patronizing the public, the Plaintiff was caused to suffer severe economic damages, without fault or want of care on the part of the Plaintiff in any way contributing thereto, thereby causing him serious emotional distress as well as severe economic damages that may be permanent in nature and duration.

37. That by reason of the foregoing, Plaintiff sustained serious economic injuries and damages in the amount in excess of the monetary jurisdictional limits of any administrative court which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

38. That as a result of the foregoing, this Plaintiff suffered serious emotional injury as defined by §5102(d) of the New York Insurance Law.

39. That by reason of the foregoing and the negligence of the Defendants, Plaintiff sustained serious emotional and economic damage that may be permanent in nature.

40. That by reason of the foregoing, Plaintiff is entitled to recover for non-economic loss and for all economic losses sustained.

## AS FOR A THIRD CAUSE OF ACTION
## RETALIATION

41. Plaintiff repeats and realleges all of the allegations set forth in paragraphs one through forty and realleges each and every allegation set forth above as though more fully set forth herein.

42. That from the period of about March, 2011, through the present, ("hereinafter at all times relevant"), the Plaintiff was consistently subjected to retaliation in violation of title VII of the Civil Rights Act of 1964; 42 USC §2000e; New York State Human Rights Law, N.Y. Exec. Law §§290 to 297; New York City Human Rights Law; N.Y. City Admin. Code §§8-101 to 131 by the Defendant, Restoration Specialty Services, LLC and their agents, John V. Palumba and Anthony Ferrara, while lawfully present and performing work relative to his employment as a mechanic and within the scope of his employment for Defendant, Restoration Specialty Services, LLC in that the Plaintiff, was consistently subjected to the denial of equal pay for work he performed as a mechanic without just cause; constantly threatened with reprisal if the Plaintiff agreed to help former Latino employees who had been discharged in March of 2011; denied the Plaintiff rehire to the position of mechanic; failed to advised the Plaintiff in writing of his discharge.

43. That but for John V. Palumba, Pllumb Leka and Anthony Ferrara's unlawful actions against the Plaintiff, the Plaintiff and other Latinos would have likely been permitted to remain employed by the Defendant, Restoration Specialty Services, LLC without being discharged under the pretext of financial constraints and been permitted to apply for promotions. Moreover, the Plaintiff would not have been discharged via a text message in July of 2012.

44. That with the exception of John V. Palumba, Pllumb Leka Anthony Ferrara's actions which begun in 2008, the Plaintiff, was never subjected to verbal abuse and never fsubjected to race and national origin discrimination during his nearly fifteen years of employment with Defendant, Restoration Specialty Services, LLC and always received accolades from the tenants of each of the buildings he was assigned.

45. That by the reason of the foregoing, and the negligence of the Defendant, Restoration Specialty Services, LLC the Plaintiff did suffer and will likely continue to suffer serious emotional and economic damages.

46. That by reason of the negligence of the said Defendant in the improper hiring, improper monitoring, improper supervision, and retention of John V. Palumba, Pllumb Leka and Anthony Ferrara and with the knowledge of their being unsuitable, incompetent and unfit to act and serve and unfit to work and to continue to act and serve as employees of a business engaged in interstate commerce and patronizing the public, the Plaintiff was caused to suffer severe economic injuries and damages, without fault or want of care on the part of the Plaintiff in any way contributing thereto, thereby causing him serious emotional distress as well as severe economic injuries that may be permanent in nature and duration.

47. That by reason of the foregoing, Plaintiff is entitled to recover damages for all non-economic and all economic loss sustained.

48. That at all times relevant, it was the duty of the Defendant, Restoration Specialty Services, LLC to initiate rules, and training that prohibited the inappropriate activities and behaviours by its servants, agents, employees and/or personnel of a business engaged in interstate commerce and the patronage of the public in the course and within the scope of employment for said Defendant that would protect the Plaintiff from being subjected to national origin and race discrimination and retaliation as well as a hostile work environment in his work place.

49. That by reason of the foregoing and the negligence of the Defendant, Restoration Specialty Services, LLC its agents and employees, Plaintiff sustained damages in the amount in excess of the monetary jurisdictional limits of any administrative court which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

50. That by reason of the negligence of the said Defendant in the improper hiring, improper monitoring, improper supervision, and retention of John V. Palumba, Pllumb Leka and Anthony Ferrara and other employees of the Defendant's Human Resources Department, and with the knowledge of their being unsuitable, incompetent and unfit to act and serve and unfit to continue to act and serve as employees of a business engaged in interstate commerce and providing service to the public, the Plaintiff was caused to suffer serious emotional and economic injuries and damages, without fault or want of care on the part of the Plaintiff in any way contributing thereto, thereby causing him serious

emotional distress as well as severe emotional and economic injuries that may be permanent in nature and duration.

51. That by reason of the foregoing, Plaintiff sustained serious injuries and damages in the amount in excess of the monetary jurisdictional limits of any administrative court which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

52. That the acts of the Defendant, Restoration Specialty Services, LLC have been so outrageous punitive damages are due up to and including attorneys fees and costs.

53. That by reason of the negligence of the said Defendant in its failure to protect the Plaintiff from retaliation and by denying the Plaintiff a hearing and arbitration with regard to his lay off, and ultimately discharge, the Plaintiff was caused to suffer severe emotional injuries and damages, without fault or want of care on the part of the Plaintiff in any way contributing thereto, thereby causing him extreme mental, and emotional illness, anguish, and distress as well as serious emotional and economic injuries that may be permanent in nature and duration.

A. The discriminatory conduct of which Plaintiff is complaining in this action includes:

    Failure to rehire Plaintiff after his unlawful discharge

    Unlawful termination of employment.

    Unequal terms and conditions of employment.

    Retaliation.

    Hostile Work Environment.

It is Plaintiff's best recollection that the alleged discriminatory acts and pattern of discrimination occurred: from 03/01/08; through the present.

B. Plaintiff believes that Defendants are still committing these acts against him.

    C. Defendants discriminated against Plaintiff based on his: national origin- Dominican.

**WHEREFORE**, Plaintiff demands actual and punitive judgment against the Defendants, the amount sought on each Cause of Action exceeding the monetary jurisdictional limits of any and all administrative courts which would otherwise have jurisdiction, in amounts to be determined upon the trial of this action, together with the costs and disbursements of this action, and with interest from the date of the initial incident.

Dated: New York, New York

    January 30, 2013

                                Yours, etc.,

                                Antoinette M. Wooten, Esq.

.

| | |
|---|---|
| Filename: | Complaint for Freddy Sanchez, Jr. |
| Directory: | H: |
| Template: | C:\Documents and Settings\Antoinette Wooten\Application Data\Microsoft\Templates\Normal.dot |
| Title: | AS FOR A FIRST CAUSE OF ACTION |
| Subject: | |
| Author: | Antoinette M. Wooten |
| Keywords: | |
| Comments: | |
| Creation Date: | 1/30/2013 2:08:00 PM |
| Change Number: | 2 |
| Last Saved On: | 1/30/2013 2:08:00 PM |
| Last Saved By: | Antoinette49 |
| Total Editing Time: | 1 Minute |
| Last Printed On: | 1/31/2013 5:49:00 PM |

As of Last Complete Printing
   Number of Pages: 15
   Number of Words:   3,892 (approx.)
   Number of Characters:   22,190 (approx.)